IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






Nos. PD-0376-05, PD-0377-05






THE STATE OF TEXAS



v.



MICHAEL KENT PLAMBECK, Appellee





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


HIDALGO COUNTY






 Johnson, J., filed a dissenting opinion in which Meyers, Price and Womack,
JJ., joined.


D I S S E N T I N G O P I N I O N



 The state alleged that appellee committed barratry and conspiracy to commit barratry. The
alleged acts occurred on September 30, 1997 (conspiracy), and in March and December of 1998
(barratry). The first sets of indictments were returned on March 21, 2000 (barratry; 7 counts), and
April 18, 2000 (conspiracy; 2 counts), approximately five and a half months before the statute of
limitations on the earliest alleged offense expired, three years after that alleged offense. (1) Two
subsequent sets of indictments were returned on December 19, 2001, and April 30, 2002. The statute
of limitations was tolled during the pendency of those indictments. (2)

 After the third set of indictments was returned, appellee moved to dismiss those indictments
and also filed a pretrial application for a writ of habeas corpus that asserted that the third set of
indictments was barred by limitations. The trial court dismissed the third set of indictments over the
state's objection and granted both the writ and the relief appellee had requested, that is, dismissal
of the indictments for failure to present them within the three-year statute of limitations. (3) The state
appealed and raised two issues.

 Issue One: The trial court erred in granting appellee's pretrial writ of habeas
corpus on limitations grounds because the limitations period was tolled by the
pendency of continuous indictments charging offenses under the same penal statute. 

 Issue Two: The trial court erred in dismissing the indictments on grounds of
"improper grand jury proceeding" because (1) appellee failed to meet his burden of
proving that the state's error in allowing an investigator to question grand jury
witnesses violated some constitutional right, and (2) appellee failed to meet his
burden of proving that dismissal of the indictments was necessary to cure the error.


 The court of appeals affirmed the judgment of the trial court on Issue Two but did not address
Issue One, thereby leaving in force the trial court's (perhaps erroneous) finding that further
prosecution of appellee for the charged offenses was barred because the limitation period had
expired. The state petitioned this Court for review on a single ground that challenged the court of
appeals's decision on the motion to dismiss; it did not appeal the failure of the court of appeals to
"address[] every issue raised and necessary to final disposition of the appeal. Tex. Rule App. Proc.
47.1.

 The court of appeals stated that, because "our decision regarding the motion to dismiss the
indictments is sufficient to determine the outcome of the case, we decline to address the State's
remaining issue on appeal regarding the writ of habeas corpus as unnecessary and redundant." It was
then incumbent upon the state to complain of that failure in its petition in this Court because, even
if we held that the court of appeals erred and reversed its judgment, absent a successful challenge
to the grant of habeas corpus relief, the state's position would not change; the court of appeals did
not undo the relief granted to appellee by way of his writ of habeas corpus, and further prosecution
is still barred.

 I believe that this cause should be dismissed as improvidently granted. Because the majority
does not do so, I respectfully dissent.

 Johnson, J.


Filed: November 23, 2005

En banc

Publish
1. Texas Code of Crim. Proc. Art. 12.01(5)(1997)("felony indictments may be presented within these
limits, and not afterward: ... (5) three years from the date of the commission of the offense: all other felonies.); 
Texas Code of Crim. Proc. Art. 12.03(b)(1997)("The limitations period for criminal conspiracy ... is the same as
that of the most serious offense that is the object of the conspiracy....").
2. Texas Code of Crim. Proc. Art. 12.05(b),(c)(1997)("(b) The time during the pendency of an indictment,
information, or complaint shall not be computed in the period of limitation.") The statute does not speak directly as
to whether the statute is tolled during an appeal. ("(c) The term 'during the pendency,' as used herein, means that
period of time beginning with the day the indictment, information, or complaint is filed in a court of competent
jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof,
determined to be invalid for any reason."). 
3. Although the parties and courts in this cause appear to confuse "granting the writ," i.e., holding a hearing,
and "granting relief," it is clear that the trial court granted both the writ and relief. The trial court held a full hearing
and heard extensive arguments by both sides before signing an order granting "Defendant's Application for Writ of
Habeas Corpus Seeking Release Because of Expiration of Limitation Period" and ordering that appellee be released
from further restraint and the indictment dismissed.